IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
DON KING PRODUCTIONS, INC.        *
                                  *
        Plaintiff                 *
                                  *
v.                                *         Civil No. 07-1316(SEC)
                                  *
JORGE COLON-ROSARIO, et al.       *
                                  *
        Defendants                *
***********************************
```

**OPINION AND ORDER**

Pending before the Court are Co-defendant Jorge Colón d/b/a El Nuevo Paraíso's (hereinafter ENP) motion to set aside default (Docket # 39), which stands unopposed. Having reviewed ENP's motion and the applicable law, ENP's motion will be **DENIED**.

**Factual and procedural background:**

Plaintiff, Don King Productions, Inc. (hereinafter DKPI), is a corporation organized under the laws of the Delaware, with its principal office and place of business in Florida. DKPI alleges to be the producer and copyright holder of the closed-circuit telecast of the following events: the April 17-18, 2004 Championship boxing match "Chris Byrd v. Andrew Golota" and the preliminary bouts, (hereinafter the Byrd-Golota match); the October 2-3, 2004 Championship boxing match "Felix Tito Trinidad v. Ricardo Mayorga" (hereinafter the Trinidad-Mayorga match); and the December 14, 2003 Championship boxing match "Bernard Hopkins v. Williams Joppy" (hereinafter Hopkins-Joppy match)(hereinafter collectively referred to as "the Events") at closed-circuit locations such as theaters and bars, among others. DKPI further alleges that it produced, marketed and distributed the Events for commercial gain and, therefore, for this purpose, it contracted with various establishments (hereinafter the authorized establishments) throughout Puerto Rico for them to broadcast the Events in exchange for a fee. DKPI filed the instant complaint against thirty-seven (37) Defendants alleging that each of them willfully intercepted and/or received the interstate communication of any of the Events without seeking permission to do so or paying any fees

**Civil No. 07-1316(SEC)**                                                                                                    2

to DKPI, in violation of its license for the exclusive exhibition of the Events. The Complaint seeks a remedy pursuant to the Federal Communications Act of 1934, as amended, (hereinafter the FCA), specifically 47 U.S.C.A. §§ 605 & 553.

The Court entered default against the movant, ENP, on December 27, 2007. See, Docket # 28. On January 9, 2008, Plaintiff then filed a Motion for Default Judgment against ENP. See, Docket # 34. A month later, on February 13, 2008, ENP filed the instant motion seeking to set aside the default against it. Said motion stands unopposed.

**Standard of Review:**

When dealing with a motion to set aside default the Court must first determine which standard will govern. If the movant is on default but no judgment against him has been entered, Fed. R. Civ. P. 55 (c) applies. If a judgment was entered, and the movant asks for it to be set aside, then Fed. R. Civ. P. 60(b) governs. See, U.S. v. $23,000, 356 F. 3d 157, 164 (1st Cir. 2004)(hereinafter $23,000). Because no judgment has been entered against the ENP, its motion must be reviewed under Fed. R. Civ. P. 55(c), which provides that "[f]or good cause shown the court may set aside an entry of default." The requirement of good cause "is a liberal one." $23,000, 356 F. 3d at 165.

The relevant factors to determine whether good cause has been show are: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. Id.; see also, Leshore v. County of Worcester, 945 F. 2d 471 (1st Cir. 1991)(hereinafter Leshore); Effjohn Intern. Cruise Holdings, Inc. v. A & L Sales, Inc., 346 F. 3d 552, 563 (5th Cir. 2003)(Effjohn). These requirements are not exclusive but a "means to identify good cause." Effjohn, 346 F. 3d at 563. Finally, pursuant to the philosophy that actions should be resolved on the merits, any doubts whether relief should be granted should be resolved in favor of setting aside the default. Leshore, 945 F. 2d at 472; see also, Rasmussen v. American Nat. Red Cross, 155 F.R.D. 549, 551 (D. Va. 1994), *citing*, Compton v. Alton SteamshipCo., Inc., 608 F. 2d 96,

**Civil No. 07-1316(SEC)** 3
_____

102-103.

**Applicable law and Analysis:**

Jorge Colón, who was sued as doing business as ENP, argues that he did not answer the complaint due to an omission, and that he is not the owner of ENP but merely its administrator. It further avers that ENP "has defenses which can clear him of any wrong doings that the plaintiff alleges caused them harm." Docket # 39, p. 2. Although the standard to set aside default is a liberal one, an entry of default is not without consequence if a defaulting defendant fails to establish good cause. Defendant's poorly drafted motion just averred that the failure to answer was not willful, but merely an omission and that defenses were available to ENP. Notwithstanding these vague averments, ENP did not explain the circumstances surrounding its failure to timely answer the complaint, nor did it specify which defenses would be available to ENP. As such, ENP failed to put the Court in a position to determine whether the defense would be "meritorious". The vagueness of ENP's motion makes it extremely difficult to the Court to assess whether there is good cause to set aside the default, in view of the considerations cited above, to wit, willfulness, meritoriousness of the available defenses and prejudice. As to this last element, the Court finds that lifting the default would prejudice the Plaintiff because it would allow ENP to start fresh at this point of the proceedings.

In light of the above, ENP's Motion to Set Aside Default (docket # 39) is hereby **DENIED**. The Court will enter default judgment against ENP forthwith.

**SO ORDERED**

In San Juan, Puerto Rico, this 20th day of June, 2008.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge